IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Malikie Innovations Ltd. and<br>Key Patent Innovations Ltd.,<br><br>Plaintiffs,<br><br>v.<br><br>ADT, Inc. and ADT, LLC,<br><br>Defendants. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiffs Malikie Innovations Ltd. ("Malikie") and Key Patent Innovations Ltd. ("KPI") (collectively, "Plaintiffs"), by and through their undersigned counsel, bring this Complaint for patent infringement and damages against Defendants ADT, Inc. and ADT, LLC (collectively "ADT" or "Defendants") and, in support, allege the following:

**PARTIES**

1. Plaintiff Malikie is the successor-in-interest to a substantial patent portfolio created and procured over many years by BlackBerry Ltd., formerly known as Research in Motion Ltd., and its predecessor, subsidiary, and affiliated companies (collectively, "BlackBerry"). Malikie is an Irish entity duly organized and existing under the laws of Ireland. Malikie has registered offices at: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

2. Plaintiff KPI is the beneficiary of a trust pursuant to which Malikie owns, holds, and asserts the Asserted Patents (set forth below). KPI is an Irish entity duly organized and existing under the laws of Ireland. KPI has registered offices at: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3. On information and belief, Defendants, ADT, Inc. and ADT, LLC, are corporations duly organized and existing under the laws of the United States, with a principal place of business at 1501 Yamato Rd, Boca Raton, FL 33431. On information and belief, ADT, LLC is a wholly owned subsidiary of ADT, Inc. *See* https://www.sec.gov/Archives/edgar/data/1546640/000119312512297959/d269082dex211.htm.

4. On information and belief, Defendants and/or their employees or officers direct and/or control the actions of its direct and indirect subsidiaries. On information and belief, Defendants and/or their employees or officers direct and/or control the actions of these entities by, for example, inducing and contributing to the actions complained of herein.

5. Defendants and their affiliates regularly contract with customers regarding products made for or on behalf of those customers.

## PATENTS IN SUIT

6. Malikie is the assignee of and owns all right and title to U.S. Patent Nos. 7,917,829 (the "'829 Patent"); RE 48,212 (the "'212 Patent"); 8,334,847 (the "'847 Patent"); and 9,075,631 (the "'631 Patent) (collectively, the "Asserted Patents").

7. BlackBerry developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to mobile devices and related software and wireless communications technology. Some of these groundbreaking inventions are described and claimed in certain of the Asserted Patents.

8. The '829 Patent, entitled "Low-Density Parity-Check (LDPC) Code" was duly and lawfully issued on March 29, 2011. A true and correct copy of the '829 Patent is attached hereto as Exhibit 1.

9. The '212 Patent, entitled "Structured Low-Density Parity-Check (LDPC) Code" was duly and lawfully issued on September 15, 2020. A true and correct copy of the '212 Patent is attached hereto as Exhibit 2.

10. The '847 Patent, entitled "System Having User Interface Using Object Selection and Gestures" was duly and lawfully issued on December 18, 2012. A true and correct copy of the '847 Patent is attached hereto as Exhibit 3.

11. The '631 Patent, entitled "Method of Rendering a User Interface" was duly and lawfully issued on July 7, 2015. A true and correct copy of the '756 Patent is attached hereto as Exhibit 4.

12. Malikie sent Defendants a letter (addressed to ADT's Executive Vice President and Chief Legal Officer and Secretary, Mr. David Smail), on or about May 28, 2024, offering a license to Malikie's patent portfolio. Malikie's notice letter specifically identified the Asserted Patents and a set of exemplary Defendants' products or services that Malikie believed were and/or are infringing these patents (on a patent-by-patent basis). Malikie's letter also specifically noted that its portfolio included patents relating to the IEEE 802.11 standard ("Wi-Fi") and that Malikie is willing to offer ADT a license so that it could continue its use of the patented technologies. The May 28, 2024 letter was sent via courier mail and e-mail. Neither Mr. Smail nor anyone at ADT responded to Malikie.

13. Malikie sent follow-up emails to Mr. Smail on or about July 15, 2024, August 2, 2024, October 1, 2024, October 8, 2024, November 4, 2024, December 2, 2024, December 18, 2024, January 10, 2025, February 3, 2025, February 18, 2025, March 7, 2025, April 3, 2025, and April 30, 2025. Furthermore, Malikie sent Defendants an additional notice letter, via courier mail and e-mail, on or about October 18, 2024. The October 18, 2024 letter followed up on the May

28, 2024, July 15, 2024, August 2, 2024, October 1, 2024, and October 8, 2024 correspondences and identified additional patents. The October 18, 2024 letter further identified a rate at which ADT could license Malikie's Wi-Fi standards-essential patents. Malikie sent Defendants an additional notice letter, via courier mail and e-mail, on or about December 6, 2024. The December 6, 2024 letter followed up on the prior correspondences and further identified additional patents. Each of the May 28, 2024, July15, 2024, August 2, 2024, October 1, 2024, October 8, 2024, October 18, 2024, November 4, 2024, December 2, 2024, December 6, 2024, December 18, 2024, January 10, 2025, February 3, 2025, February 18, 2025, March 7, 2025, April 3, 2025, and April 30, 2025 correspondences included a request for a call or meeting to discuss Malikie's patent portfolio and possible licensing terms with Malikie.

14. As neither Mr. Smail nor anyone at ADT or acting on ADT's behalf ever responded to Malikie's outreach, Malikie has been left with no choice but to bring this action to enforce its rights as the owner of valid and valuable patents that ADT is willfully infringing.

### WI-FI STANDARD AND PLAINTIFF'S FRAND OBLIGATIONS

15. The Institute of Electrical and Electronics Engineers ("IEEE") is a professional association whose activities span a broad range of disciplines, including telecommunications. As part of its activities, the IEEE develops and publishes industrial standards, including standards pertaining to wireless communications.

16. The IEEE-Standards Association (SA) operates within the IEEE and develops global standards in various industries, including Wi-Fi (802.11) standards. The IEEE 802.11 standards, developed by the IEEE-SA, provide a set of media access control (MAC) and physical layer (PHY) specifications for implementing Wi-Fi. The IEEE-SA requires participants to commit to abide by their Intellectual Property Rights ("IPR") policies, which set forth the rights and

obligations of their members. For example, members are required to disclose intellectual property rights that disclose standard essential and potentially standard essential patents and patent applications relevant to IEEE standards. Further, the IEEE requires members disclosing IPR to indicate, via a Letter of Assurance ("LOA"), whether they will commit to granting implementer members a license under terms that are reasonable and non-discriminatory (RAND).

17. BlackBerry has been an active participant in the IEEE's development of industry standards, including many of the 802.11 standards. On numerous occasions, BlackBerry notified the IEEE in public LOAs that its patents could include Essential Patent Claims with respect to at least the IEEE 802.11-2102, 802.11k, 802.11mb, 802.11n, 802.11p, 802.11r, 802.11s, 802.11u, 802.11v, 802.11w, 802.11y, 802.11z, 802.11aa, 802.11ad, 802.11ae, and 802.11.2 standards. BlackBerry further indicated that it will grant a license to patents that could include Essential Patent Claims under RAND terms.

18. As mentioned above, Malikie offered Defendants the chance to license its SEPs, including those covering IEEE 802.11 standards, on RAND terms. Particularly, Malikie contacted Defendants and its representatives on or about May 28, 2024, to notify ADT of its infringement of numerous patents (including the '829, '980, and '847 Patents). Malikie sent additional correspondence to Defendants on several occasions, including on or about July 15, 2024, August 2, 2024, October 1, 2024, October 8, 2024, October 18, 2024, November 4, 2024, December 2, 2024, December 6, 2024, December 18, 2024, January 10, 2025, February 3, 2025, February 18, 2025, March 7, 2025, April 3, 2025 and April 30, 2025. In its October 18, 2024 correspondence, Malikie offered a specific RAND royalty rate for all patents essential to the IEEE 802.11 standards or that otherwise fall within the commitments to IEEE made by the owner of the patents at the time. Defendants did not respond.

## JURISDICTION AND VENUE

19. Plaintiffs incorporate by reference paragraphs 1-18 herein.

20. This civil action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285. Thus, this is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

21. This Court has general and specific personal jurisdiction over Defendants because, directly and/or through intermediaries, Defendants have committed acts within this District giving rise to this action; transact and conduct business, directly and/or indirectly, in this District and the State of Texas; transact and conduct business with residents of this District and the State of Texas; and are located in this District.

22. Defendants have infringed and continue to infringe the applicable Asserted Patents (defined below) within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products and services covered by claims of the Asserted Patents, including without limitation products that, when made or used, practice claimed methods of the Asserted Patents. Defendants, directly and/or through intermediaries, make, use, sell, license, offer for sale, import, ship, distribute, advertise, promote, and/or otherwise commercialize such infringing products and services in or into this District and the State of Texas. Defendants regularly conduct and solicit business in, engage in other persistent courses of conduct in, and/or derive substantial revenue from goods and services provided to residents of this District and the State of Texas.

23. Defendants are doing business, directly and/or through respective agents, on an ongoing basis in this judicial District and elsewhere in Texas and the United States and have

committed acts of infringement in this District. For example, Defendants have branch offices located at: 4706 DC Dr #100, Tyler, TX 75701 and 215 Winchester Dr Suite 107, Tyler, TX 75701. *See* https://www.adt.com/local/tx/tyler; https://www.adt.com/smart. Plaintiffs' causes of action arise, at least in part, from Defendant's contacts with and activities in and/or directed to this District and the State of Texas.

24. On information and belief, Defendants make, use, sell, offer to sell, and/or import infringing products into and/or within this District, maintain a permanent and/or continuing presence within this District, and have the requisite minimum contacts with this District such that this venue is a fair and reasonable one. On information and belief, Defendants have transacted and, at the time of the filing of the Complaint, are continuing to transact business within this District.

## **FIRST CLAIM**

**(Infringement of the '829 Patent)**

25. Plaintiffs re-allege and incorporate herein by reference paragraphs 1-24 of their Complaint.

26. The '829 Patent is generally directed to constructing a low-density parity-check (LDPC) code using a structured parity check matrix and expanding the base parity check matrix into an expanded parity check matrix.

27. Defendants have been on notice of the '829 Patent and a specific factual basis for its infringement of the '829 Patent since at least May 28, 2024. On information and belief, Defendants did not take any action to stop their infringement.

28. Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including

without limitation at least claim 6 of the '829 Patent, by making, using, testing, selling, offering for sale, and/or importing hardware and/or software including devices compliant with IEEE 802.11 standards (excluding any products licensed under the '829 Patent), such as the Google Nest Hub 2nd Gen. (GA01331-US) and ADT Smart Home Hub.  An exemplary claim chart concerning one way in which Defendants infringe claim 6 of the '829 Patent is attached as Exhibit 5.

29. Defendants have also indirectly infringed, and continue to indirectly infringe, the '829 Patent under 35 U.S.C. § 271(b) and (c).

30. Defendants have knowingly, intentionally actively aided, abetted, and induced others to directly infringe at least claim 6 of the '829 Patent, and continue to do so, by, for example, selling and offering access to devices compliant with IEEE 802.11 standards.  *See* Exhibit 5.

31. Defendants have also contributed to the direct infringement of at least claim 6 of the '829 Patent under 35 U.S.C. § 271(c), and continue to do so, by, for example, supplying, with knowledge of the '829 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, Defendants provide, own, operate, sell, offer to sell, and/or import devices compliant with IEEE 802.11 standards (such as that shown in Exhibit 5) that are not a staple article of commerce and are incapable of substantial noninfringing use.

32. Defendants' infringement has been willful in view of the above and their failure to take any action, even after being put on notice, to stop their infringement or inducement of, or contribution to, infringement by others.

## SECOND CLAIM

**(Infringement of the '212 Patent)**

33. Plaintiffs re-allege and incorporate herein by reference paragraphs 1-32 of their Complaint.

34. The '212 Patent is generally directed to constructing a low-density parity-check (LDPC) code using a structured parity check matrix and expanding the base parity check matrix into an expanded parity check matrix.

35. Defendants have been on notice of the '212 Patent and a specific factual basis for its infringement of the '212 Patent since at least May 28, 2024. On information and belief, Defendants did not take any action to stop their infringement.

36. Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 13 of the '212 Patent, by making, using, testing, selling, offering for sale, and/or importing hardware and/or software including devices compliant with IEEE 802.11 standards (excluding any products licensed under the '212 Patent), such as the Google Nest Hub 2nd Gen. (GA01331-US) and ADT Smart Home Hub. An exemplary claim chart concerning one way in which Defendants infringe claim 31 of the '980 Patent is attached as Exhibit 6.

37. Defendants have also indirectly infringed, and continue to indirectly infringe, the '212 Patent under 35 U.S.C. § 271(b) and (c).

38. Defendants have knowingly, intentionally actively aided, abetted, and induced others to directly infringe at least claim 13 of the '212 Patent, and continue to do so, by, for example, selling and offering access to devices compliant with IEEE 802.11 standards. *See* Exhibit 6.

39. Defendants have also contributed to the direct infringement of at least claim 13 of the '212 Patent under 35 U.S.C. § 271(c), and continue to do so, by, for example, supplying, with

knowledge of the '212 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use. For example, Defendants provide, own, operate, sell, offer to sell, and/or import devices compliant with IEEE 802.11 standards (such as that shown in Exhibit 6) that are not a staple article of commerce and are incapable of substantial noninfringing use.

40. Defendants' infringement has been willful in view of the above and their failure to take any action, even after being put on notice, to stop their infringement or inducement of, or contribution to, infringement by others.

## THIRD CLAIM

### (Infringement of the '847 Patent)

41. Plaintiffs re-allege and incorporate herein by reference paragraphs 1-40 of their Complaint.

42. The '847 Patent is generally directed to systems and methods for providing a user interface for controlling a display using an interface application to provide, in a multilayer display arrangement, a container with interface controls that are selectable based on the magnitude of the motion of a manipulation of the display.

43. Defendants have been on notice of the '847 Patent and a specific factual basis for their infringement of the '847 Patent since at least May 28, 2024. On information and belief, Defendants did not take any action to stop their infringement.

44. Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 14 of the '847 patent, by having made, used, tested, sold, offered for sale, and/or imported hardware and/or software including detecting whether the touch or the

contact is in an active area of one of the selectable objects when the comparison indicates that the magnitude of the movement of the touch or the contact is below the threshold value; and executing a function associated with a selection of the one of the selectable objects. An exemplary claim chart concerning one way in which Defendants infringe claim 14 of the '847 patent is attached as Exhibit 7.

45. Defendants have also indirectly infringed, and continue to indirectly infringe, the '847 Patent under 35 U.S.C. § 271(b) and (c).

46. Defendants have knowingly, intentionally actively aided, abetted, and induced others to directly infringe at least claim 14 of the '847 Patent, and continue to do so, by, for example, selling and offering access to their products and services. *See* Exhibit 7.

47. Defendants have also contributed to the direct infringement of at least claim 14 of the '847 Patent under 35 U.S.C. § 271(c), and continue to do so, by, for example, supplying, with knowledge of the '847 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use. For example, Defendants provide, own, operate, sell, offer to sell, and/or import products or software, including detecting whether the touch or the contact is in an active area of one of the selectable objects when the comparison indicates that the magnitude of the movement of the touch or the contact is below the threshold value; and executing a function associated with a selection of the one of the selectable objects (such as that shown in Exhibit 7), that are not a staple article of commerce and are incapable of substantial noninfringing use.

48. Defendants' infringement has been willful in view of the above and their failure to take any action, even after being put on notice, to stop their infringement or inducement of, or contribution to, infringement by others.

## **FOURTH CLAIM**

### **(Infringement of the '631 Patent)**

49. Plaintiffs re-allege and incorporate herein by reference paragraphs 1-48 of their Complaint.

50. The '631 Patent is generally directed to rendering a user interface by receiving scene graph and data items associated with elements of the scene graph and processing a rendering thread to render a user interface in accordance with the scene graph and the data items.

51. Defendants have been on notice of the '631 Patent and a specific factual basis for their infringement of the '631 Patent since the date of the present Complaint. On information and belief, Defendants did not take any action to stop their infringement

52. Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '631 patent, by having made, used, tested, sold, offered for sale, and/or imported hardware and/or software including rendering a user interface by receiving scene graph and data items associated with elements of the scene graph and processing a rendering thread to render a user interface in accordance with the scene graph and the data items. An exemplary claim chart concerning one way in which Defendants infringe claim 1 of the '631 patent is attached as Exhibit 8.

53. Defendants have also indirectly infringed, and continue to indirectly infringe, the '631 Patent under 35 U.S.C. § 271(b) and (c).

54. Defendants have knowingly, intentionally actively aided, abetted, and induced others to directly infringe at least claim 1 of the '631 Patent, and continue to do so, by, for example, selling and offering access to their products and services. *See* Exhibit 8.

55. Defendants have also contributed to the direct infringement of at least claim 1 of the '631 Patent under 35 U.S.C. § 271(c), and continue to do so, by, for example, supplying, with knowledge of the '631 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use. For example, Defendants provide, own, operate, sell, offer to sell, and/or import products or software, including rendering a user interface by receiving scene graph and data items associated with elements of the scene graph and processing a rendering thread to render a user interface in accordance with the scene graph and the data items (such as that shown in Exhibit 8), that are not a staple article of commerce and are incapable of substantial noninfringing use.

56. Defendants' infringement has been willful since the date of this present Complaint, in view of the above and their failure to take any action to stop their infringement or inducement of, or contribution to, infringement by others.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. That Defendants have infringed the applicable Asserted Patents, and unless enjoined, will continue to infringe one or more of the applicable Asserted Patents;

B. That Defendants' infringement of one or more of the applicable Asserted Patents has been willful;

C. That Defendants pay Plaintiffs damages adequate to compensate Plaintiffs for Defendants' past, present and future infringement of the applicable Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

D. That Defendants pay pre-judgment and post-judgment interest on the damages assessed;

  E. That Defendants pay Plaintiffs enhanced damages pursuant to 35 U.S.C. § 284;

  F. That Defendants be enjoined from infringing the applicable Asserted Patents, or if their infringement is not enjoined, that Defendants be ordered to pay ongoing royalties to Plaintiffs for any post-judgment infringement of the applicable Asserted Patents;

  G. That this is an exceptional case under 35 U.S.C. § 285; and that Defendants pay Plaintiffs' attorneys' fees and costs in this action; and

  H. That Plaintiffs be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

Date: May 19, 2025

Respectfully submitted,

*/s/ Adam Adler by permission Claire Abernathy Henry*
Adam Adler – LEAD ATTORNEY
Naveed Hasan
Reichman Jorgensen Lehman & Feldberg LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 894-7310
aadler@reichmanjorgensen.com
nhasan@reichmanjorgensen.com

Matthew G. Berkowitz
Yue (Joy) Wang
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
ywang@reichmanjorgensen.com

Caroline Walters

Reichman Jorgensen Lehman & Feldberg LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Tel: (212) 381-1965
cwalters@reichmanjorgensen.com


Of Counsel:

Andrea L. Fair
Texas Bar No. 24078488
Claire Abernathy Henry
Texas State Bar No. 24053063
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy.
Longview, TX 75604
Telephone: (903) 757-6400
andrea@millerfairhenry.com
claire@millerfairhenry.com


*Attorneys for Plaintiffs Malikie Innovations Ltd.
and Key Patent Innovations Ltd.*