IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Malikie Innovations Ltd. and Key Patent Innovations Ltd., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2-25-cv-00554 |
| vs. | ) ) | |
| ADT, Inc. and ADT, LLC, | ) ) | |
| Defendants. | ) | |

**ADT, INC. AND ADT, LLC ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants ADT, Inc. and ADT, LLC ("ADT") hereby answers Plaintiff Malikie

Innovations Ltd. and Key Patent Innovations Ltd ("Malikie" or "Plaintiff") Complaint for Patent

Infringement ("Complaint"). ADT answers and avers as follows, with the numbered paragraphs

corresponding to the like-numbered paragraphs of Plaintiff's Complaint. Allegations not

expressly admitted herein are denied.

**PARTIES**

1. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in

paragraph 1, and therefore denies each of the allegations in paragraph 1 of the Complaint.

2. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in

paragraph 2, and therefore denies each of the allegations in paragraph 2 of the Complaint.

3. ADT admits ADT, Inc. and ADT, LLC, are corporations duly organized and existing

under the laws of the United States, with a principal place of business at 1501 Yamato Rd, Boca

1

Raton, FL 33431.  ADT admits ADT, LLC is a wholly owned subsidiary of ADT, Inc.  ADT denies that ADT, Inc. is a proper party to this action.

4.  ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 4, and therefore denies each of the allegations in paragraph 4 of the Complaint.

5.  ADT has contracts with certain of its customers regarding certain products sold.  ADT denies the remaining allegations of paragraph 5 of the Complaint.

## PATENTS-IN-SUIT

6.  ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 6, and therefore denies each of the allegations in paragraph 6 of the Complaint.

7.  ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 7, and therefore denies each of the allegations in paragraph 6 of the Complaint.

8.  ADT admits the '829 Patent, on its face, is entitled "Low-Density Parity-Check (LDPC) Code" and was issued on March 29, 2011.  ADT admits a copy of the '829 Patent is attached to the Complaint as Exhibit 1.  ADT lacks sufficient factual basis to determine the accuracy of the remaining allegations set out in paragraph 8, and therefore denies them.

9.  ADT admits the '212 Patent, on its face, is entitled "Structured Low-Density Parity-Check (LDPC) Code" and was issued on September 15, 2020.  ADT admits a copy of the '212 Patent is attached to the Complaint as Exhibit 2.  ADT lacks sufficient factual basis to determine the accuracy of the remaining allegations set out in paragraph 9, and therefore denies them.

10. ADT admits the '847 Patent, on its face, is entitled "System Having User Interface Using Object Selection and Gestures" and was issued on December 18, 2012.  ADT admits a copy of the '847 Patent is attached to the Complaint as Exhibit 3.  ADT lacks sufficient factual basis to

determine the accuracy of the remaining allegations set out in paragraph 10, and therefore denies them.

11. ADT admits the '631 Patent, on its face, is entitled "Method of Rendering a User Interface" and was issued on July 7, 2015. ADT lacks sufficient factual basis to determine the accuracy of the remaining allegations set out in paragraph 11, and therefore denies them.

12. ADT admits it received a letter from Malikie addressed to Mr. David Smail dated May 28, 2024. ADT lacks sufficient factual basis to determine the accuracy of the remaining allegations set out in paragraph 12, and therefore denies them.

13. ADT admits Malikie sent emails to Mr. Smail on or about July 15, 2024, August 2, 2024, October 1, 2024, October 8, 2024, November 4, 2024, December 2, 2024, December 18, 2024, January 10, 2025, February 3, 2025, February 18, 2025, March 7, 2025, April 3, 2025, and April 30, 2025. ADT admits it received a letter from Malikie addressed to Mr. David Smail dated October 18, 2024. ADT lacks sufficient factual basis to determine the accuracy of the remaining allegations set out in paragraph 13, and therefore denies them.

14. ADT denies the allegations in paragraph 14 of the Complaint.

### WI-FI STANDARD AND PLAINTIFF'S FRAND OBLIGATIONS

15. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 15, and therefore denies each of the allegations in paragraph 15 of the Complaint.

16. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 16, and therefore denies each of the allegations in paragraph 16 of the Complaint.

17. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 17, and therefore denies each of the allegations in paragraph 17 of the Complaint.

3

18. ADT admits Malikie sent correspondence to ADT on or about July 15, 2024, August 2, 2024, October 1, 2024, October 8, 2024, October 18, 2024, November 4, 2024, December 2, 2024, December 6, 2024, December 18, 2024, January 10, 2025, February 3, 2025, February 18, 2025, March 7, 2025, April 3, 2025 and April 30, 2025.  ADT lacks sufficient factual basis to determine the accuracy of the remaining allegations set out in paragraph 18, and therefore denies them.

## JURISDICTION AND VENUE

19. Answers to paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

20. ADT admits the Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq.  ADT admits that the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, and 1338(a). ADT denies the remaining allegations of paragraph 20 of the Complaint.

21. ADT admits that it has a place of business in this District.  For the purposes of this action only, ADT does not contest personal jurisdiction in this Court over ADT.  ADT denies the remaining allegations in paragraph 21 of the Complaint.

22. ADT admits it conducts business in this District and in the State of Texas.  ADT denies the remaining allegations in paragraph 22 of the Complaint.

23. ADT admits it has an office located at: 4706 DC Dr #100, Tyler, TX.  ADT denies the remaining allegations in paragraph 23 of the Complaint.

24. ADT admits it currently transacts business within this District.  ADT denies the remaining allegations in paragraph 24 of the Complaint.

### FIRST CLAIM

**(Infringement of the '829 Patent)**

25. Answers to paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

26. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 26, and therefore denies each of the allegations in paragraph 26 of the Complaint.

27. To the extent paragraph 27 of the Complaint implicates legal conclusions, no response is required.  ADT denies the remaining allegations in paragraph 27 of the Complaint.

28. ADT denies the allegations in paragraph 28 of the Complaint.

29. ADT denies the allegations in paragraph 29 of the Complaint.

30. ADT denies the allegations in paragraph 30 of the Complaint.

31. ADT denies the allegations in paragraph 31 of the Complaint.

32. ADT denies the allegations in paragraph 32 of the Complaint.

### SECOND CLAIM

**(Infringement of the '212 Patent)**

33. Answers to paragraphs 1 through 32 are incorporated by reference as if fully set forth herein.

34. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 34, and therefore denies each of the allegations in paragraph 34 of the Complaint.

35. To the extent paragraph 35 of the Complaint implicates legal conclusions, no response is required.  ADT denies the remaining allegations in paragraph 35 of the Complaint.

36. ADT denies the allegations in paragraph 36 of the Complaint.

37. ADT denies the allegations in paragraph 37 of the Complaint.

38. ADT denies the allegations in paragraph 38 of the Complaint.

39. ADT denies the allegations in paragraph 39 of the Complaint.

40. ADT denies the allegations in paragraph 40 of the Complaint.

## THIRD CLAIM

### (Infringement of the '847 Patent)

41. Answers to paragraphs 1 through 40 are incorporated by reference as if fully set forth herein.

42. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 42, and therefore denies each of the allegations in paragraph 42 of the Complaint.

43. To the extent paragraph 43 of the Complaint implicates legal conclusions, no response is required.  ADT denies the remaining allegations in paragraph 43 of the Complaint.

44. ADT denies the allegations in paragraph 44 of the Complaint.

45. ADT denies the allegations in paragraph 45 of the Complaint.

46. ADT denies the allegations in paragraph 46 of the Complaint.

47. ADT denies the allegations in paragraph 47 of the Complaint.

48. ADT denies the allegations in paragraph 48 of the Complaint.

## FOURTH CLAIM

### (Infringement of the '631 Patent)

49. Answers to paragraphs 1 through 48 are incorporated by reference as if fully set forth herein.

50. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 50, and therefore denies each of the allegations in paragraph 50 of the Complaint.

51. To the extent paragraph 51 of the Complaint implicates legal conclusions, no response is required. ADT denies the remaining allegations in paragraph 51 of the Complaint.

52. ADT denies the allegations in paragraph 52 of the Complaint.

53. ADT denies the allegations in paragraph 53 of the Complaint.

54. ADT denies the allegations in paragraph 54 of the Complaint.

55. ADT denies the allegations in paragraph 55 of the Complaint.

56. ADT denies the allegations in paragraph 56 of the Complaint.

## PRAYER FOR RELIEF

57. ADT denies that Plaintiff is entitled to any requested relief. To the extent not expressly addressed above, ADT denies the factual allegations in the Complaint.

## DEMAND FOR JURY TRIAL

58. Plaintiff's demand for a trial by jury is a legal statement that ADT can neither admit nor deny.

## DEFENSES

### First Defense (Non-Infringement)

59. Plaintiff is not entitled to any relief against ADT because ADT has not infringed and is not infringing, either directly, indirectly, contributorily, or by inducement, either literally or under the doctrine of equivalents, any valid, enforceable claim of each of the '829, '212, '847, '631 Patents ("Patents-in-Suit").

### Second Defense (Invalidity)

60. One or more of the claims of the Patents-in-Suit are invalid and/or unenforceable under one or more provisions of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

7

## Third Defense (Statute of Limitations)

61. Plaintiff's claims are barred, some in part and others in toto, by the statute of limitations, which prevents recovery for "any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." 35 U.S.C. § 286.

## Fourth Defense (Prosecution History Estoppel)

62. Plaintiff's claims are barred by the doctrine of prosecution history estoppel based on amendments, statements, admissions, omissions, representation disclaimers, and/or disavowals made during prosecution of each of the Patents-in-Suit.

## Fifth Defense (Equitable Defenses)

63. Plaintiff's claims are barred, in whole or in part, by equitable doctrines including the doctrines of waiver, acquiescence, unclean hands, and/or equitable estoppel.

## Sixth Defense (Failure to Mark)

64. Plaintiff's claim for damages is limited to the extent Plaintiff failed to mark its products, provide notice, or otherwise meet the requirements of 35 U.S.C. § 287.

## Seventh Defense (Failure to State a Claim)

65. Plaintiff's Complaint fails to state a claim for which relief can be granted, in particular a claim of infringement for one or more of the Patents-in-Suit, as required under Federal Rules of Procedure 12(b)(6).

## Eighth Defense (Exceptional Case)

66. ADT has engaged in all relevant activities in good faith, thereby precluding Plaintiff, even if it prevails, from proving that this is an exceptional case justifying a recovery of its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

## VII.    OTHER DEFENSES

67. ADT reserves all defense under rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or equity, that may now exist or in the future be available based on discovery or other factual investigations in this case.

## VIII.   JURY DEMAND

68. ADT requests a trial by jury on all issues triable by a jury.

## IX.    PRAYER FOR RELIEF

ADT requests that the Court:

A.  Dismiss all counts of Plaintiff's Complaint for patent infringement with prejudice, and award Plaintiff nothing by way of its Complaint;

B.  Enter a judgment finding that ADT has not infringed any claim of any of the Patents-in-Suit;

C.  Enter a judgment that each of the Patents-in-Suit is invalid;

D.  Declare this case to be exceptional under 35 U.S.C. § 285, and enter judgment awarding ADT its costs, reasonable attorneys' fees, and expert witness fees in this action; and,

Award ADT such further relief as the Court may deem just and proper.


DATED: July 14, 2025

Respectfully submitted,

Pillsbury Winthrop Shaw Pittman LLP

BY:  /s/ *Michael Borofsky*
    Michael Borofsky (24101534)
    401 Congress Avenue, Suite 1700
    Austin, TX 78701-3797
    Phone:  512.580.9600
    Fax: 512.580.9601
    michael.borofsky@pillsburylaw.com

    Michael Zeliger *(pro hac vice forthcoming)*
    Audrey Lo *(pro hac vice forthcoming)*

9

2550 Hanover Street
Palo Alto, CA 94304
Phone: 650.233.4500
Fax: 650.233.4545
michael.zeliger@pillsburylaw.com
audrey.lo@pillsburylaw.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served on all parties

who have appeared in this case on July 14, 2025, via the Court's CM/ECF system.

/s/ *Michael Borofsky*
Michael Borofsky