# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| MALIKIE INNOVATIONS LTD. AND KEY PATENT INNOVATIONS LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ADT INC. AND ADT, LLC, <br><br> Defendants. | § § § § § § § § § § § § | Case No. 2:25-cv-00554-JRG-RSP <br><br> (Lead Case) |
| MALIKIE INNOVATIONS LTD. AND KEY PATENT INNOVATIONS LTD., <br><br> Plaintiffs, <br><br> v. <br><br> VIVINT SMART HOME, INC. AND NRG ENERGY, INC., <br><br> Defendants. | § § § § § § § § § § § § | Case No. 2:25-cv-00555-JRG-RSP |

## VIVINT LLC's ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Vivint LLC[1] ("Vivint") hereby answers Plaintiffs Malikie Innovations Ltd. and Key Patent Innovations Ltd ("Malikie" or "Plaintiff") Complaint for Patent Infringement ("Complaint"). Vivint answers and avers as follows, with the numbered Paragraphs corresponding to the like-numbered Paragraphs of Plaintiff's Complaint. Allegations not expressly admitted herein are denied.

---

[1] On November 10, 2025, the Court granted (via Dkt. 50) the Parties' Joint Motion to Substitute a Party (Dkt. 49), which requested to substitute Vivint LLC as defendant in place of the original defendants, Vivint Smart Home, Inc. and NRG Energy, Inc., in member case 2:25-cv-00555-JRG-RSP.

## PARTIES

1.      Vivint lacks sufficient factual basis to determine the accuracy of the allegations set out in Paragraph 1, and therefore denies each of the allegations in Paragraph 1 of the Complaint.

2.      Vivint lacks sufficient factual basis to determine the accuracy of the allegations set out in Paragraph 2, and therefore denies each of the allegations in Paragraph 2 of the Complaint.

3.      Vivint admits Vivint Smart Home, Inc. is a corporation duly organized and existing under the laws of the United States, with a principal place of business at 4931 North 300 West, Provo, UT 84601. Vivint admits NRG Energy, Inc. is a corporation duly organized and existing under the laws of the United States, with a principal place of business at 910  Louisiana St. Houston, TX 77002. Vivint Smart Home, Inc. is a wholly owned subsidiary of NRG Energy, Inc.

4.      Vivint denies each of the allegations in Paragraph 4 of the Complaint.

5.      Vivint has contracts with certain of its customers regarding certain products sold. Vivint denies the remaining allegations of Paragraph 5 of the Complaint.

## PATENTS-IN-SUIT

6.      Vivint lacks sufficient factual basis to determine the accuracy of the allegations set out in Paragraph 6, and therefore denies each of the allegations in Paragraph 6 of the Complaint.

7.      Vivint lacks sufficient factual basis to determine the accuracy of the allegations set out in Paragraph 7, and therefore denies each of the allegations in Paragraph 7 of the Complaint.

8.    Vivint admits the '829 Patent, on its face, is entitled "Low-Density Parity-Check (LDPC) Code" and was issued on March 29, 2011. Vivint admits a copy of the '829 Patent is attached to the Complaint as Exhibit 1. Vivint lacks sufficient factual basis to determine the accuracy of the remaining allegations set out in Paragraph 8, and therefore denies them.

9.    Vivint admits the '980 Patent, on its face, is entitled "Structured Low-Density Parity-Check (LDPC) Code" and was issued on November 12, 2013. Vivint admits a copy of the '980 Patent is attached to the Complaint as Exhibit 2. Vivint lacks sufficient factual basis to determine the accuracy of the remaining allegations set out in Paragraph 9, and therefore denies them.

10.    Vivint admits the '847 Patent, on its face, is entitled "System Having User Interface Using Object Selection and Gestures" and was issued on December 18, 2012. Vivint admits a copy of the '847 Patent is attached to the Complaint as Exhibit 3. Vivint lacks sufficient factual basis to determine the accuracy of the remaining allegations set out in Paragraph 10, and therefore denies them.

11.    Vivint admits the '756 Patent, on its face, is entitled "System and Method for Controlling Updates to Internet-of-Things Devices" and was issued on September 14, 2021. Vivint lacks sufficient factual basis to determine the accuracy of the remaining allegations set out in Paragraph 11, and therefore denies them.

12.    Vivint lacks sufficient factual basis to determine the accuracy of the allegations set out in Paragraph 12, and therefore denies each of the allegations in Paragraph 12 of the Complaint.

13. Vivint lacks sufficient factual basis to determine the accuracy of the allegations set out in Paragraph 13, and therefore denies each of the allegations in Paragraph 13 of the Complaint.

14. Vivint lacks sufficient factual basis to determine the accuracy of the allegations set out in Paragraph 14, and therefore denies each of the allegations in Paragraph 14 of the Complaint.

## WI-FI STANDARD AND PLAINTIFF'S FRAND OBLIGATIONS

15. Vivint lacks sufficient factual basis to determine the accuracy of the allegations set out in Paragraph 15, and therefore denies each of the allegations in Paragraph 15 of the Complaint.

16. Vivint lacks sufficient factual basis to determine the accuracy of the allegations set out in Paragraph 16, and therefore denies each of the allegations in Paragraph 16 of the Complaint.

17. Vivint lacks sufficient factual basis to determine the accuracy of the allegations set out in Paragraph 17, and therefore denies each of the allegations in Paragraph 17 of the Complaint.

18. Vivint lacks sufficient factual basis to determine the accuracy of the allegations set out in Paragraph 18, and therefore denies each of the allegations in Paragraph 18 of the Complaint.

## JURISDICTION AND VENUE

19. Answers to Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

20. Vivint admits the Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq. Vivint admits that the

Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, and 1338(a). Vivint denies the remaining allegations of Paragraph 20 of the Complaint.

21.     Vivint admits that it has a place of business in this District. For the purposes of this action only, Vivint does not contest personal jurisdiction in this Court over Vivint. Vivint denies the remaining allegations in Paragraph 21 of the Complaint.

22.     Vivint admits it conducts business in this District and in the State of Texas. Vivint denies the remaining allegations in Paragraph 22 of the Complaint.

23.     Vivint admits it has an office located at 5212 Tennyson Pkwy Suite 150 Plano, TX 75024. Vivint denies the remaining allegations in Paragraph 23 of the Complaint.

24.     Vivint admits it currently transacts business within this District. Vivint denies the remaining allegations in Paragraph 24 of the Complaint.

## FIRST CLAIM

### (Infringement of the '829 Patent)

25.     Answers to Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

26.     Vivint lacks sufficient factual basis to determine the accuracy of the allegations set out in Paragraph 26, and therefore denies each of the allegations in Paragraph 26 of the Complaint.

27.     To the extent Paragraph 27 of the Complaint implicates legal conclusions, no response is required. Vivint denies the remaining allegations in Paragraph 27 of the Complaint.

28.     Vivint denies the allegations in Paragraph 28 of the Complaint.

29.     Vivint denies the allegations in Paragraph 29 of the Complaint.

30.     Vivint denies the allegations in Paragraph 30 of the Complaint.

31.    Vivint denies the allegations in Paragraph 31 of the Complaint.

32.    Vivint denies the allegations in Paragraph 32 of the Complaint.

## SECOND CLAIM

### (Infringement of the '980 Patent)

33.    Answers to Paragraphs 1 through 32 are incorporated by reference as if fully set forth herein.

34.    Vivint lacks sufficient factual basis to determine the accuracy of the allegations set out in Paragraph 34, and therefore denies each of the allegations in Paragraph 34 of the Complaint.

35.    To the extent Paragraph 35 of the Complaint implicates legal conclusions, no response is required. Vivint denies the remaining allegations in Paragraph 35 of the Complaint.

36.    Vivint denies the allegations in Paragraph 36 of the Complaint.

37.    Vivint denies the allegations in Paragraph 37 of the Complaint.

38.    Vivint denies the allegations in Paragraph 38 of the Complaint.

39.    Vivint denies the allegations in Paragraph 39 of the Complaint.

40.    Vivint denies the allegations in Paragraph 40 of the Complaint.

## THIRD CLAIM

### (Infringement of the '847 Patent)

41.    Answers to Paragraphs 1 through 40 are incorporated by reference as if fully set forth herein.

42.    Vivint lacks sufficient factual basis to determine the accuracy of the allegations set out in Paragraph 42, and therefore denies each of the allegations in Paragraph 42 of the Complaint.

43.     To the extent Paragraph 43 of the Complaint implicates legal conclusions, no response is required. Vivint denies the remaining allegations in Paragraph 43 of the Complaint.

44.     Vivint denies the allegations in Paragraph 44 of the Complaint.

45.     Vivint denies the allegations in Paragraph 45 of the Complaint.

46.     Vivint denies the allegations in Paragraph 46 of the Complaint.

47.     Vivint denies the allegations in Paragraph 47 of the Complaint.

48.     Vivint denies the allegations in Paragraph 48 of the Complaint.

## FOURTH CLAIM

### (Infringement of the '756 Patent)

49.     Answers to Paragraphs 1 through 48 are incorporated by reference as if fully set forth herein.

50.     Vivint lacks sufficient factual basis to determine the accuracy of the allegations set out in Paragraph 50, and therefore denies each of the allegations in Paragraph 50 of the Complaint.

51.     To the extent Paragraph 51 of the Complaint implicates legal conclusions, no response is required. Vivint denies the remaining allegations in Paragraph 51 of the Complaint.

52.     Vivint denies the allegations in Paragraph 52 of the Complaint.

53.     Vivint denies the allegations in Paragraph 53 of the Complaint.

54.     Vivint denies the allegations in Paragraph 54 of the Complaint.

55.     Vivint denies the allegations in Paragraph 55 of the Complaint.

56.     Vivint denies the allegations in Paragraph 56 of the Complaint.

## PRAYER FOR RELIEF

57.     Vivint denies that Plaintiff is entitled to any requested relief. To the extent not expressly addressed above, Vivint denies the factual allegations in the Complaint.

### DEMAND FOR JURY TRIAL

58.     Plaintiff's demand for a trial by jury is a legal statement that Vivint can neither admit nor deny.

### DEFENSES

#### First Defense (Non-Infringement)

59.     Plaintiff is not entitled to any relief against Vivint because Vivint has not infringed and is not infringing, either directly, indirectly, contributorily, or by inducement, either literally or under the doctrine of equivalents, any valid, enforceable claim of each of the '829, '980, '847, '756 Patents ("Patents-in-Suit").

#### Second Defense (Invalidity)

60.     One or more of the claims of the Patents-in-Suit are invalid and/or unenforceable under one or more provisions of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

#### Third Defense (Statute of Limitations)

61.     Plaintiff's claims are barred, some in part and others in toto, by the statute of limitations, which prevents recovery for "any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." 35 U.S.C. § 286.

#### Fourth Defense (Failure to Mark)

62.     Plaintiff's claim for damages is limited to the extent Plaintiff failed to mark its products, provide notice, or otherwise meet the requirements of 35 U.S.C. § 287.

#### Fifth Defense (Failure to State a Claim)

63.     Plaintiff's Complaint fails to state a claim for which relief can be granted, in particular a claim of infringement for one or more of the Patents-in-Suit, as required under Federal Rules of Procedure 12(b)(6).

**Sixth Defense (Exceptional Case)**

64.     Vivint has engaged in all relevant activities in good faith, thereby precluding Plaintiff, even if it prevails, from proving that this is an exceptional case justifying a recovery of its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

## VII.    OTHER DEFENSES

65.     Vivint reserves all defense under rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or equity, that may now exist or in the future be available based on discovery or other factual investigations in this case.

## VIII.   JURY DEMAND

66.     Vivint requests a trial by jury on all issues triable by a jury.

## IX.     PRAYER FOR RELIEF

Vivint requests that the Court:

A.      Dismiss all counts of Plaintiff's Complaint for patent infringement with prejudice, and award Plaintiff nothing by way of its Complaint;

B.      Enter a judgment finding that Vivint has not infringed any claim of any of the Patents-in- Suit;

C.      Enter a judgment that each of the Patents-in-Suit is invalid;

D.      Declare this case to be exceptional under 35 U.S.C. § 285, and enter judgment awarding Vivint its costs, reasonable attorneys' fees, and expert witness fees in this action; and, award Vivint such further relief as the Court may deem just and proper.

Dated: December 5, 2025

Respectfully submitted,

*/s/ Gilbert A. Greene*
Gilbert A. Greene
TX State Bar No. 24045976
J. Bradford Thompson
TX State Bar No. 24046968
**DUANE MORRIS LLP**
Terrace 7
2801 Via Fortuna
Suite 200
Austin, TX 78746-7567
P: 512-277-2300
F. 512-597-0703
BGreene@duanemorris.com
BThompson@duanemorris.com

Joseph A. Powers
PA Bar No. 84590 (*admitted in EDTX*)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
P; 215-979-1000
F: 215-689-3797
JAPowers@duanemorris.com

Ramsey Schultz
TX State Bar No. 24130391
**DUANE MORRIS LLP**
100 Crescent Court, Suite 1200
Dallas, TX 75201
P: 214-257-7259
F: 512-692-2559
RSchultz@duanemorris.com

**ATTORNEYS FOR VIVINT LLC**

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a true and correct copy of the foregoing document has been served

upon all counsel of record via the Court's ECF system on this the 5th day of December 2025.


*/s/ Gilbert A. Greene*
Gilbert A. Greene